511 P.2d 736

**KEN HOLT COMPANY, a Utah corporation, Plaintiff,**

v.

**STATE TAX COMMISSION of the State of Utah, Vernon L. Holman et al., Defendants.**

**No. 13165.**

Supreme Court of Utah.

June 22, 1973.

Kenneth L. Rothey, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., Bruce M. Hale, Asst. Atty. Gen., Salt Lake City, for defendants.

ELLETT, Justice:

This matter is before the court for the review of an order of the State Tax Commission of Utah which required plaintiff, in calculating the amount of state sales tax due, to include in the cost of new and recapped tires the amount of Federal excise taxes assessed thereon. The statute involved is Section 59–15–4, U.C.A.1953 (1971 Pocket Supplement), which reads:

. . . [T]here is levied and there shall be collected and paid:

(a) A tax upon every retail sale of tangible personal property made within the state of Utah equivalent to four per cent of the *purchase price* paid or charged, . . . [Emphasis added.]

This section must be read in connection with Section 59–15–2(j), U.C.A.1953 (1971 Pocket Supplement), which states:

The term "purchase price" means the price to the consumer exclusive of any tax imposed by the federal government by this act.

A case in point is that of Dupler's Art Furs, Inc. v. State Tax Commission.[1] In that case the State Tax Commission undertook to base the sales tax upon the price of furs plus the Federal luxury tax assessed thereon. This court held that the luxury tax was not to be included in the purchase price in calculating the state sales tax.

The State Tax Commission attempts to distinguish the Dupler case from the instant one on the ground that the Internal Revenue Service imposes the excise tax on tires on the manufacturer, while the luxury tax was imposed on the consumer.

It is to be noted that the exclusion of Federal taxes is not limited to those assessed against the ultimate purchaser. Any Federal tax assessed against the tangible personal property is to be excluded in determining the purchase price against which the state tax is to be calculated. We, therefore, hold that the State Tax Commission went beyond its statutory power in

1. 108 Utah 513, 161 P.2d 788 (1945).

assessing the sales tax upon the excise tax, and we remand this matter with directions to assess the sales tax upon the purchase price exclusive of the excise tax. No costs are awarded.

CALLISTER, C. J., and HENRIOD, TUCKETT and CROCKETT, JJ., concur.